*v. Garrett, Comr. of Motor Vehicles,* 15 N.C. App. 449, 451, 190 S.E. 2d 251, 253 (1972), "The word 'forthwith' in G.S. 20-17 does not require instantaneous action but only action within a reasonable length of time." (Citation omitted.)

Since the court must give some meaning to the word "forthwith" as used in G.S. 20-223, and because the question of whether the district attorney acted forthwith to institute the proceeding depends on the facts and circumstances in each case, we conclude the trial court has discretionary authority to find the facts from the evidence and from the facts found draw legal conclusions as to whether the district attorney acted forthwith in instituting the proceeding and whether any failure on the part of the district attorney to proceed forthwith prejudiced the respondent.

The findings and conclusions made by the trial judge in the instant case that the district attorney had not acted forthwith as required by G.S. 20-223 and that the respondent was prejudiced thereby are not challenged on this appeal. Moreover, the record supports these findings and conclusions. We hold the trial court had the inherent authority to dismiss the proceeding under G.S. 20-223 upon findings and conclusions that the district attorney failed to act forthwith and that the respondent was prejudiced thereby. The trial court erred in not dismissing the action.

The order appealed from is

Reversed.

Judges Morris and Arnold concur.

---

STATE OF NORTH CAROLINA v. WILLIAM EDWARD YOUNG, JR.

No. 7614SC390

(Filed 6 October 1976)

Appeal by respondent from *Preston, Judge.* Judgment entered 12 December 1975 in Superior Court, Durham County. Heard in the Court of Appeals 16 September 1976.

This appeal is from a proceeding to have respondent declared an "habitual offender" of the North Carolina traffic laws and to revoke his license to operate a motor vehicle for a period of five years.

· Respondent was convicted of his third offense of driving under the influence in September 1974. The first two convictions occurred in 1970 and 1972, and on 18 October 1974 respondent's driver's license was revoked by the Department of Motor Vehicles with provision that he could apply for reinstatement in three years. On 3 March 1975 the District Attorney was notified, pursuant to G.S. 20-220, *et seq.*, that respondent was considered an habitual offender, and on 25 September 1975 a petition was filed to have respondent adjudged an habitual offender.

At the hearing on 10 December 1975, which was held on the petition, the trial court made findings of fact and concluded that it had no discretion to consider any defense of laches in these proceedings, but that if it had such discretion it would dismiss the petition because it was not filed until over a year after the third conviction, because the proceeding was not instituted "forthwith"; and because respondent had suffered prejudice as a result of the delay in instituting the proceeding.

Respondent was found to be an habitual offender as defined in G.S. 20-221 and barred from operating a motor vehicle on the highways of North Carolina. He appealed.

*Attorney General Edmisten, by Assistant Attorney General Archie W. Anders, for the State.*

*Loflin & Loflin, by Thomas F. Loflin, III, for defendant appellant.*

ARNOLD, Judge.

The case of *State v. Franklin Alphin Ward III* (No. 7614SC389), filed simultaneously herewith, is controlling in this case. The petition should have been dismissed.

Reversed.

Judges MORRIS and HEDRICK concur.